United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 21, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-30634

EDWARD T. GRAPPE, JR.,

Plaintiff-Appellant,

v.

KANSAS CITY SOUTHERN RAILWAY CO.,

Defendant-Appellee.

Appeal from the United States District Court for the
Western District of Louisiana
98-CV-2060

Before KING, Chief Judge, and DAVIS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Edward Grappe (Grappe) appeals from the judgment of the district court in favor of appellee Kansas City Southern Railway Company with respect to his Title VII claim of retaliatory discharge.  Grappe also appeals the district court's award of attorneys' fees on his successful action to enforce the decision of the Public Law Board No. 6160 (the "PLB").  After a careful review

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the record, the briefs, and a consideration of the oral arguments presented upon submission, we affirm in all respects the judgment of the district court for the following reasons.

1. The district court did not abuse its discretion in failing to apply offensive collateral estoppel to the findings of the Board for the purposes of Grappe's Title VII suit for retaliatory discharge. The issue in the Title VII claim before the district court and the PLB opinion entered under the collective bargaining agreement were not identical. Given the disparate legal standards and divergent factual inquiries of the two proceedings, collateral estoppel was not applicable. *Copeland v. Merrill Lynch & Co., Inc.*, 47 F.3d 1415, 1422 (5th Cir. 1995). Moreover, because different policies underlie the proceedings before the Board and the Title VII action before the court, collateral estoppel is not available. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011 (1974); *McDonald v. City of West Branch*, 466 U.S. 284, 290, 104 S.Ct. 1799, 1803 (1984).

2. We find no merit to the claim that the district court used a wrong standard in evaluating Grappe's retaliation claim. The district court repeatedly referenced the proper reasonable belief standard. Given the district court's unchallenged findings that Grappe knew his allegations were false and that Grappe fabricated his story to retaliate against his co-

workers, the court could have and did properly find incredible Grappe's testimony that he believed he was the victim of sexual harassment.

3. The district court did not abuse its discretion in allowing the introduction of exhibits 1 and 2 inasmuch as the decision maker was aware of and considered the information in such exhibits in making his decision to terminate Grappe.

4. We find no abuse of discretion by the district court's failure to award the full attorneys' fees claimed by Grappe for his enforcement action. The proceeding was overwhelmingly dominated by Grappe's unsuccessful Title VII claim. In addition, trial counsel's affidavits ("B", "C" and "D") in support of attorneys' fees, fail to mention whether entries relating to the unsuccessful Title VII claims were eliminated from the billing request. Only two billing entries in exhibit "A" relate exclusively to the enforcement of the PLB opinion. The district court allowed recovery of the entire amount for these two entries and apportioned all other requests. Our review of the record convinces us that the district court was generous in its award and did not abuse its discretion in failing to award Grappe the amounts he requested.

AFFIRMED.